IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEONARD MACHULAS,<br><br>              Plaintiff,<br><br>   v.<br><br>SECRETARY, DEPARTMENT OF THE<br>AIR FORCE, AGENCY, et al.,<br><br>              Defendants. | Civil Action<br>No. 06-225 (JBS)<br><br>**MEMORANDUM OPINION** |

    This matter comes before the Court on its own initiative, pursuant to Fed. R. Civ. P. 4(m), to dismiss the action without prejudice for failure to timely and properly serve the defendants in this matter. The Complaint and Amended Complaint allege that various U.S. Air Force officials discriminated against him on the basis of age in 1992 and continuing until 2004.

**THE COURT FINDS AS FOLLOWS:**

    1. On March 15, 2006, the Court notified Plaintiff, Leonard Machulas, that he had failed to properly serve the defendants with his Amended Complaint or his motion to transfer venue.[1] The Court ordered Plaintiff to serve the Complaint and Amended

---

[1] The Court notes that Mr. Machulas, although filing this case in the District of New Jersey, filed a motion to transfer venue to the Southern District of Georgia, where he now makes his home. His one-page motion [Docket Item 3] alleges that travel to New Jersey for his case presents a hardship and is tiring, stating that he was falling asleep at his last EEOC hearing in New Jersey in October 2004. [Id.] In light of the disposition of this case, the Court does not decide the transfer motion.

Complaint on defendants in accordance with Fed. R. Civ. P. 4 and notified him that he must do so by May 17, 2006, which is 120 days from the date he originally filed the Complaint in this matter.

    2.   Plaintiff filed a certificate of service on April 11, indicating that he had mailed the Complaint and Amended Complaint, via regular mail, to "SAF/MRBA."  Even assuming that this is some acronym for the defendants, Plaintiff has failed to serve them in accordance with Rule 4; because more than 120 days have passed, the Court will dismiss this action without prejudice.

    3.   Rule 4(m) instructs courts to dismiss suits that they "shall dismiss the action without prejudice" when  "service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint" unless "the plaintiff shows good cause for the failure."  See also Gowan v. Teamsters Union 237, 170 F.R.D. 356, 359 (S.D.N.Y. 1997) ("Dismissal may be raised sua sponte by the court upon notice to the plaintiff... .").

    4.   Before dismissing a suit for insufficient service of process, the court should first "determine whether good cause exists for an extension of time."  Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305-06 (3d Cir. 1995).  Good cause requires "a demonstration of good faith on the part of the party

seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." MCI Telecoms. Corp. v. Teleconcepts, 71 F.3d 1086, 1097 (3d Cir. 1995) (holding that "good cause" is the same standard as "excusable neglect" under Rule 6(b)(2)). "The burden of establishing excusable neglect is upon the appellant, even one proceeding pro se." Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988). A pro se litigant's ignorance of the rules does not constitute good cause sufficient to excuse a failure to timely serve process. Id. Absent a showing of good cause, the Court has discretion to decide whether to extend time for service of process or dismiss the case. Petrucelli, 46 F.3d 1298.

    5. In this case, there is no good cause for Plaintiff's failure to properly serve the defendants. The suit has been pending since January 17, 2006, and the 120 day period elapsed in May. In February 2006, the Court ordered Plaintiff to file an Amended Complaint and to state clearly the circumstances that make the claim timely. Plaintiff did so, but also filed a motion for change of venue, and did not serve either on defendants. Therefore, on March 15, 2006, the Court ordered Plaintiff to properly serve Defendants with this Complaint and with the motion for change of venue in accordance with Rule 4 by May 17.

    6. Plaintiff has named the Secretary of the Air Force and five individual Air Force employees as defendants in this action.

    7.   Fed. R. Civ. P. 4(i) governs service on these defendants:

> (1) Service upon the United States shall be effected
>     (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and
>     (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and
>     (C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.
> (2) (A) Service on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.
>     (B) Service on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States--whether or not the officer or employee is sued also in an official capacity--is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule 4(e), (f), or (g).

8.   Plaintiff took no action beyond, perhaps, mailing the complaint to the Secretary of the Air Force (presumably "SAF"), at some address that he has not revealed.  He has done nothing to serve the U.S. Attorney or the Attorney General, to utilize registered or certified mail, or to ensure that the individual defendants were served.  Rule 4 is explicit about these requirements, and this Court specifically brought Rule 4 to Mr. Machulas's attention (in consideration of his pro se status), as well as the 120-day deadline for service of process under Rule 4(m).  Even after this Court's Order of March 15, 2006, Plaintiff has yet to properly serve the defendants.

9.   Accordingly, this Court now finds that Plaintiff lacks good cause for his failure to effectuate service.

10.  This Court also declines to exercise its discretion under Rule 4(m) to permit the action to continue despite Plaintiff's failure to properly serve the defendants.  Although the Court notes its obligation "to protect pro se plaintiffs from consequences of confusion or delay," Fed. R. Civ. P. 4(m) advisory committee's note (1993), even when there is no good cause to extend the service deadline, in this case the Court has been solicitous of Plaintiff's rights to no avail.  Not only did the Court write a letter to Plaintiff, explaining the defects in his original complaint, but the Court also issued the Order directing Plaintiff to serve defendants and directed Plaintiff to

Rule 4, so that he would be properly informed of the correct procedure for doing so, several months before the May 17 deadline expired.  This does not appear to be the kind of case in which confusion explains a pro se party's failure to comply with the Rules.  Nor, therefore, does it appear to be a proper case for this Court's exercise of discretion to permit the action to go forward.  Thus, the Complaint will be dismissed without prejudice for Plaintiff's failure to serve defendants in accordance with Fed. R. Civ. P. 4.

    The accompanying order will be entered.

**October 11, 2006**          **s/ Jerome B. Simandle**
Date         JEROME B. SIMANDLE
        United States District Judge